AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
Camilo Andres Landazuri Vargas, Jhonny Moises Caicedo Valencia, and Francisco Javier Vazquez Hernandez

*Defendant(s)*

Case No. 17-6396-VALLE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 13, 2017** in the county of **Broward** in the **Southern** District of **Florida, and elsewhere**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Sections 70503(a) and 70506(b) | Conspiracy to Possess with the Intent to Distribute five (5) kilograms or more of Cocaine while on board a vessel subject to the jurisdiction of the United States |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sammy Cruzcoriano; Special Agent; HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/31/17

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida

ALICIA O. VALLE; U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Sammy Cruzcoriano, being duly sworn, hereby depose and state:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations. I have been a Special Agent since 2004. I am assigned to the Assistant Special Agent in Charge, Fort Lauderdale Office in Broward County, Florida. As a Special Agent, I am responsible for investigating violations of federal law relating to immigration and customs enforcement. In my current assignment, I am also responsible for investigations involving the importation and distribution of controlled substances and the possession and concealment of such controlled substances. I have received specialized training in narcotics related investigations. I am a graduate of the Immigration Officer Basic Training Course and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

2. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to establish that Camilo Andres Landazuri Vargas, Jhonny Moises Caicedo Valencia, and Francisco Javier Vazquez Hernandez, violated Title 46, United State Code, Sections 70503(a)(1) and 70506(b), by knowingly and willfully conspiring to possess with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

3. Since this Affidavit is being submitted for the limited purpose of establishing probable cause, all of the information known to me and others involved in this investigation is not set forth herein. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other

Page 1 of 4

individuals, including other law enforcement officers involved in this investigation who have investigated the matter or have personal knowledge of the facts herein, and a review of records, documents, and other physical items obtained during the course of this investigation.

4. On or about October 13, 2017, a target of interest was detected on radar by a United States Coast Guard ("USCG") marine patrol aircraft about 205 nautical miles southwest of the Costa Rica\Panama border in international waters. The USCG Cutter Spencer was notified of the sighting and responded to the same. A helicopter dispatched from the USCG Cutter Spencer to intercept the target of interest encountered a go-fast vessel traveling at a high-rate of speed and reported three (3) passengers aboard with packages on the deck. The helicopter commanded by radio transmissions that the go-fast vessel to stop in English and Spanish and fired warning shots to no avail. A marksman disabled both engines that were powering the go-fast vessel. The helicopter and the marine patrol aircraft left because of low fuel. Before departing, a crewmember of the marine patrol aircraft observed a package jettisoned from the go-fast vessel into the ocean. An over the horizon vessel launched from the USCG Cutter Spencer eventually took control of the go-fast vessel. Other than "Guido," the hull of the go-fast vessel had no registration number, homeport or a painted flag visible. A flag was not flown from the go-fast vessel. The three (3) passengers aboard the go-fast vessel had passports in their possessions and were identified as: Camilo Andres Landazuri Vargas ("Landazuri"), Jhonny Moises Caicedo Valencia ("Caicedo"), and Francisco Javier Vazquez Hernandez (Vazquez"). The master, Landazuri, claimed the nationality of the go-fast vessel was Colombia but could produce no proof of registration. Contact made with the Colombian Government failed to confirm or deny the registration of the go-fast vessel. The go-fast vessel was treated as a vessel without nationality in international waters and subject to the jurisdiction of the United States. The boarding party noted the presence of gasoline on the surface of the go-fast vessel. Approximately twenty-five (25) fuel

drums were aboard the go-fast vessel but no packages were found. Ion scans conducted of the go-fast vessel were positive for gasoline but negative for cocaine. An aerial search of the area around the go-fast vessel had negative results for a jettison field. The go-fast vessel was sunk as a navigational hazard due to the go-fast vessel being disabled, the distance from land, and no suitable tow points existing.

5. On or about October 30, 2017, the USCG Cutter Spencer arrived at Guantanamo Bay, Cuba and transferred custody of the three (3) crewmembers, Landazuri, Caicedo, and Vazquez, to United States law enforcement officers. On that same date, Landazuri, Caicedo, and Vazquez first entered the United States at Broward County, Florida.

6. After being advised of his *Miranda* rights and waiving the same agreeing to make a statement without an attorney present, Vazquez stated the go-fast vessel launched from Tamaco, Colombia transporting between 16 and 18 bales of cocaine to be delivered by boat to boat transfer off the coast of Costa Rica. Approximately 40 drums of fuel were aboard the go-fast vessel at departure so the go-fast vessel could travel without stopping for gas to its intended destination. Once the fuel supply in a drum was depleted, the container was sliced open and thrown overboard. After the engines of the go-fast vessel were disabled and the helicopter departed, Caicedo ordered the 16 to 18 bales of cocaine be jettisoned into the ocean where the bales sunk. Landazuri spilled gasoline from one of the drums on the surface of the go-fast vessel to hide the odor of cocaine. Before the go-fast vessel was boarded by USCG personnel, Landazuri instructed Caicedo and Vazquez to explain their presence aboard the go-fast vessel by telling a story that they were looking for a boat lost at sea.

7. After being advised of his *Miranda* rights and waiving the same agreeing to make a statement without an attorney present, Landazuri denied using the go-fast vessel to transport cocaine. Instead, Landazuri said the go-fast vessel he received from an owner he could not name

was used to search for a boat with three (3) fishermen he knew only by their nicknames that had been missing for five (5) days. Landazuri was unable to explain the reason for the presence of the 38-40 drums of fuel he said were aboard the go-fast vessel at the start of the trip from Tamaco, Colombia.

8. The three (3) defendants were placed together in a police car with a hidden device to record their conversation. During the recorded conversation, the defendants discussed sticking to the story that they were aboard the go-fast vessel to search for a missing boat.

9. Based on the information and the facts, your affiant submits probable cause exists to believe that Camilo Andres Landazuri Vargas, Jhonny Moises Caicedo Valencia, and Francisco Javier Vazquez Hernandez, knowingly and willfully conspired to possess with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation Title 46, United States Code, Sections 70503(a) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT

Sammy Cruzcoriano  
Special Agent  
Homeland Security Investigations

Sworn to and subscribed before me this 31st day of October, 2017.

ALICIA O. VALLE  
UNITED STATES MAGISTRATE JUDGE

Page **4** of **4**